**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**AUREA RODRIGUEZ, on Her Own**
**Behalf and on Behalf of Those Similarly**
**Situated,**

    **Plaintiff,**

v.                                                 **Case No. 8:07-cv-2134-T-30MAP**

**AETNA MAINTENANCE**
**INCORPORATED,**

    **Defendant.**
_____/

## **ORDER**

THIS CAUSE comes before the Court upon Plaintiff's Amended Motion for Entry of Default Final Judgment and Incorporated Memorandum of Law (Dkt. 15). The Court, having considered the Motion and supporting documentation, and being otherwise fully advised in the premises, determines that it should be granted in part and denied in part.

Plaintiff seeks entry of Default Final Judgment against Defendant Aetna Maintenance Incorporated for unpaid overtime compensation under the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.* (the "FLSA"). Plaintiff seeks $2,342.50 in unpaid overtime compensation, $2,342.50 in liquidated damages, $3,660.00 in attorney's fees, and $499.85 in costs. Defendant has failed to retain counsel or timely respond to Plaintiff's Complaint.

Pursuant to 29 U.S.C. § 216(b), an employer who fails to appropriately pay overtime compensation is liable to the affected employee for an additional equal amount as liquidated damages. An employer may avoid paying liquidated damages by showing it had reasonable grounds for believing the act or omission giving rise to the FLSA claim was both in good faith and predicated upon reasonable grounds. *See* 29 U.S.C. § 260. According to the Eleventh Circuit, an employer seeking to avoid liquidated damages in an FLSA case bears the burden of proving that its violation was both in good faith and predicated upon reasonable grounds. *Joiner v. City of Macon*, 814 F.2d 1537, 1539 (11th Cir. 1987). Upon review of Plaintiff's affidavit, and considering Defendant's failure to respond, the Court determines Plaintiff is entitled to an award of $2,342.50 in unpaid overtime, and an additional $2,342.50 in liquidated damages.

However, upon review of the time records provided by Plaintiff's counsel, the Court concludes the fees and costs sought by Plaintiff are not reasonable. The Court declines to award fees and costs for secretarial work, excessive time spent preparing and reviewing a summons, and unidentified travel expenses. Accordingly, the Court reduces the fees sought by $420.00 (1.4 hours at a rate of $300 per hour), and the costs sought by $4.85.

It is therefore ORDERED AND ADJUDGED that:

1. Plaintiff's Motion for Entry of Default Final Judgment (Dkt. 7) is **GRANTED in part and DENIED in part** as set forth herein.

2. The Clerk is directed to enter a **FINAL DEFAULT JUDGMENT** in favor of Plaintiff, Aurea Rodriguez, and against Defendant, Aetna Maintenance

    Incorporated, in the total amount of $8,420.00, which includes $2,342.50 in unpaid overtime compensation, $2,342.50 in liquidated damages, 3,240.00 in attorney's fees, and $495.00 in costs.

3.  All pending motions are denied as moot.  The Clerk is directed to close this file.

  **DONE** and **ORDERED** in Tampa, Florida on July 30, 2008.

             _____
             JAMES S. MOODY, JR.
             UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

S:\Even\2007\07-cv-2134.mt default.wpd